UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-22466-CIV-COHN/SELTZER

RAMON CASTRO, on his own behalf and
others similarly situated,

      Plaintiff,

v.

SEVILLA PROPERTIES, LLC and MARIO
FERRO, JR.,

      Defendants.

_____/

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendants' Motion for Summary

Judgment [DE 19] ("Motion").  The Court has considered the Motion, Plaintiff's

Opposition [DE 26], and Defendants' Reply [DE 30], and is otherwise advised in the

premises.

## I.  BACKGROUND

This action arises out of Defendants' alleged failure to pay Plaintiff the overtime

wages required by law.  Plaintiff Ramon Castro alleges that Defendant Sevilla

Properties, LLC ("Sevilla") and its owner, Defendant Mario Ferro, Jr. ("Ferro"), employed

him as a security guard.  DE 1 ¶¶ 6, 17.  Plaintiff worked for Defendants from July 10,

2010, through April 27, 2013, at a residential complex owned by Defendants and an

abutting shopping center (the "Property").  Id. ¶ 17; DE 18 ¶¶ 1, 16.  Plaintiff contends

that he worked over 40 hours per week at various points during that timeframe, but that

Defendants failed to pay him required overtime wages.  DE 1 ¶¶ 17–19.  Plaintiff

therefore seeks to obtain unpaid overtime and a declaration of his rights under the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.  Id. ¶¶ 22–45.  Defendants have moved for summary judgment, arguing that Plaintiff cannot establish his entitlement to relief because he was not an "employee" within the meaning of the FLSA, and because he cannot establish the requisite FLSA coverage.

## II.   DISCUSSION

### A.  <u>Legal Standard</u>

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  To satisfy this burden, the movant must point out to the court that "there is an absence of evidence to support the nonmoving party's case."  <u>Id.</u> at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts, and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  As Rule 56 explains, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."  Fed. R. Civ. P. 56(e)(3).  Therefore, the non-moving party "may not rest upon the mere allegations or denials in its pleadings" but instead must present "specific

facts showing that there is a genuine issue for trial." Walker v. Darby, 911 F.2d 1573, 1576–77 (11th Cir. 1990).

Essentially, so long as the non-moving party has had the opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker, 911 F.2d at 1577.  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249–50 (citations omitted).

The Court's function at the summary-judgment stage is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249.  In making this determination, the Court must discern which issues are material: "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.  In deciding a summary-judgment motion, the Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Davis v. Williams, 451 F.3d 759, 763 (11th Cir. 2006).

**B. Analysis**

Defendants argue that the Court should grant summary judgment in their favor because Plaintiff cannot establish that he was Defendants' "employee" within the meaning of the FLSA, and because Plaintiff cannot establish FLSA coverage.  The Court disagrees with Defendants, and finds that Plaintiff has adduced sufficient

evidence to create an issue of fact with regard to whether he was Defendants' "employee."  Plaintiff has similarly created factual issues with regard to enterprise coverage under the FLSA.  The Court will therefore deny Defendants' Motion.

### 1.  <u>Whether Plaintiff Was Defendants' "Employee"</u>

The FLSA's overtime protections apply to employees, but not independent contractors.  <u>Perdomo v. Ask 4 Realty & Mgmt., Inc.</u>, 298 F. App'x 820, 821 (11th Cir. 2008) (per curiam).  Defendants argue that Plaintiff was an independent contractor, thus he cannot prevail on his FLSA claims.  DE 19 at 9–14.  Plaintiff, however, has provided evidence of an employer-employee relationship with Defendants sufficient to create an issue of fact as to whether he was Defendants' "employee" under the FLSA.

The FLSA's definition of "employee" is both vague and broad, and encompasses "working relationships which, prior to [the FLSA], were not deemed to fall within the employer-employee category."  <u>Rutherford Food Corp. v. McComb</u>, 331 U.S. 722, 729 (1947) (quoting <u>Walling v. Portland Terminal Co.</u>, 330 U.S. 148, 150 (1947)).  To determine whether an individual is an employee, instead of a contractor, the courts apply an "economic reality" test.  <u>Scantland v. Jeffry Knight, Inc.</u>, 721 F.3d 1308, 1311–12 (11th Cir. 2013).  The economic reality test requires the Court to look past the labels the parties apply to their relationship, and to examine both whether Plaintiff's relationship to Defendants is that of a traditional employee and to what extent Plaintiff is economically dependent upon Defendants.  <u>Id.</u>  The inquiry is fact-intensive and holistic, however the following six factors may guide the Court's determinations:

> (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed;
>
> (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;

(3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers;

(4) whether the service rendered requires a special skill;

(5) the degree of permanency and duration of the working relationship;

(6) the extent to which the service rendered is an integral part of the alleged employer's business.

Id. at 1311–12.

The evidence in this case, taken in a light most favorable to Plaintiff, suggests that Defendants exercised substantial control over the manner in which Plaintiff performed his work as a security guard at the Property.  Plaintiff states that Defendants set his work schedule.  DE 18-3 at 33:12–17; DE 27-1 ¶¶ 4–6.  Defendants told Plaintiff what sort of activity he should seek to prevent at the Property.  DE 18-3 at 49:12–16. Defendants and their employees determined where on the Property Plaintiff should be present at a given time.  DE 18-3 at 44:9–16, 51:4–13.  Defendants' other employees would assign Plaintiff additional discrete tasks relating to the management and maintenance of the Property.  DE 18-3 at 53:5–19; DE 27-1 ¶ 19.  Defendants contest many of these facts, and argue that Plaintiff had considerable leeway regarding how he kept the Property secure.  See DE 18 ¶¶ 12–15, 20.  Construing the evidence in Plaintiff's favor, however, these indicia of control suggest that Plaintiff was Defendants' employee.

Defendants also saw Plaintiff's presence as a security guard as important to their property-rental business.  See DE 18 ¶ 8; DE 31-2 at 25:20–26:19.  To secure Plaintiff's labor, Defendants allegedly paid him a flat hourly rate, giving Plaintiff no opportunity for profit or loss based on his managerial skill.  See DE 18-3 at 36:6–9; DE 27-1 ¶ 7.  This integration of Plaintiff's labor into Defendants' operations, without a potential upside for

Plaintiff depending on Plaintiff's business acumen, implies an employer-employee relationship.  See Scantland, 721 F.3d at 1311–12, 1314–15.

Plaintiff's working relationship with Defendants was of sufficient length and intensity to weigh in favor of an employer-employee relationship.  Plaintiff worked for Defendants continuously for a three-year period (see DE 31-2 at 43:17–24), during which time he had little opportunity to work for other employers in light of his assertion that he worked for Defendants 12 hours a day, 7 days per week (see DE 18-3 at 33:9–21; DE 27-1 ¶ 6; DE 27-2).  This substantial unbroken period during which Plaintiff allegedly worked more than 40 hours per week for Defendants, who retained Plaintiff at their discretion, suggests that Plaintiff was economically dependent upon his continued employment by Defendants.  See Usery v. Pilgrim Equip. Co., 527 F.2d 1308, 1314 (5th Cir. 1976).  Plaintiff's deposition testimony further buttresses this evidence of dependence: Plaintiff testified that he tried not to make demands of Defendants, as he feared losing his job if Defendants thought he was asking too much.  DE 18-3 at 38:16–23, 43:11–15.

Defendants argue that certain aspects of their relationship with Plaintiff weigh against an employer-employee relationship.  Defendants note that Plaintiff provided his own equipment, possessed some specialized skill, and had substantial leeway in the performance of his day-to-day duties.  DE 30 at 5–7.  Although these factors can imply "independent contractor" status, Plaintiff has adduced sufficient other evidence that he was Defendants' employee—and economically dependent upon Defendants—to create an issue of fact under the "economic reality" test.  Defendants have therefore failed to

establish that they are entitled to judgment as a matter of law that Plaintiff was not their
employee.

### 2. **Enterprise Coverage**

Defendant also argues that summary judgment is warranted because Plaintiff
cannot establish that the FLSA applies in this case.  The FLSA's requirements apply
only to employment relationships implicating interstate commerce.  A claim under the
FLSA therefore requires a nexus with interstate commerce which can be met by either
individual coverage of the employee at issue or enterprise coverage of the defendant
employers.  Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1265–66 (11th Cir.
2006).  "Enterprise coverage" as relevant here exists if an employer has at least
$500,000 in "annual gross volume of sales made or business done," and has at least
two employees who handle, sell, or otherwise work on goods or materials that had
moved in or been produced for interstate commerce.  29 U.S.C. § 203(s)(1)(A);
Josendis v. Wall to Wall Residence Repairs Inc., 662 F.3d 1292, 1317 (11th Cir. 2011).
Defendants argue that Plaintiff cannot establish enterprise coverage because any
employees they have do not handle, sell, or otherwise work on goods or materials that
had been moved in or produced for interstate commerce, and because they did not
employ two or more employees during the relevant timeframe.  DE 19 at 8.

The Court notes that Defendants' arguments on this point are hindered by their
extraordinary reliance on precedent that has been reversed or is no longer good law.
The Eleventh Circuit in Polycarpe v. E & S Landscaping Serv., Inc., 616 F.3d 1217,
1221–22, 1226–27 (11th Cir. 2010), held that materials—which includes tools and
equipment handled by employees for the employer's commercial purposes—that have
previously moved in interstate commerce can support enterprise coverage, even where

the employer and its employees did not play a role in the interstate movement of those items.  Nevertheless, Defendants cite to pre-Polycarpe law—including one decision directly reversed by Polycarpe and another vacated in Polycarpe's aftermath—for the proposition that enterprise coverage cannot exist here because neither Defendants nor their employees participated in the actual movement of items in interstate commerce. DE 30 at 10 (citing Obregon v. JEP Family Enters., Inc., 710 F. Supp. 2d 1311 (S.D. Fla. 2010), vacated, No. 09-21753, 2011 U.S. Dist. LEXIS 95235 (S.D. Fla. Aug. 25, 2011) (vacating prior grant of summary judgment in light of Polycarpe, 616 F.3d 1217); Bien-Aime v. Nanak's Landscaping, Inc., 572 F. Supp. 2d 1312 (S.D. Fla. 2008), rev'd sub nom. Polycarpe, 616 F.3d 1217 (11th Cir. 2010); Flores v. Nuvoc, Inc., 610 F. Supp. 2d 1349 (S.D. Fla. 2008) (stating rule contrary to that established in Polycarpe), aff'd on other grounds sub nom. Polycarpe, 616 F.3d 1217 (11th Cir. 2010); Morales v. M & M. Painting & Cleaning Corp., No. 07-23089, 2008 WL 4372891 (S.D. Fla. Sept. 24, 2008) (stating rule contrary to that established in Polycarpe)).  Defense counsel's failure to inform the Court of their reliance upon authority contradicted by a binding decision of the Eleventh Circuit appears to violate the spirit, and perhaps the letter, of Rule 4-3.3(a)(1) of the Rules of Professional Conduct of the Florida Bar relating to candor toward the tribunal.  See also S.D. Fla. L.R. 11.1(c) ("The standards of professional conduct of members of the Bar of this Court shall include the current Rules Regulating The Florida Bar.").

Moving beyond Defendants' questionable use of legal authority, their arguments against enterprise coverage are meritless.  Plaintiff has provided evidence that he and Defendants' other employees handled materials that had moved in interstate commerce.

"Materials" for purposes of the FLSA include tools or other articles used in a business's commercial operations that have a significant connection to those operations. Polycarpe, 616 F.3d at 1225–26.

Plaintiff has affirmed that his flashlight, uniform, and cell phone were vital to the duties he undertook in furtherance of Defendants' operation of a property-rental business.  DE 27-1 ¶ 21.  Plaintiff's flashlight and uniform were marked as being of foreign origin.  Id. ¶¶ 22–23.  Plaintiff also used a Samsung-branded cell phone while at work, and he has provided the Court with documents evidencing that Samsung is a Korean corporation.  Id. ¶ 24; DE 27-4.  These facts are sufficient to create a triable issue as to whether materials handled by Plaintiff had moved in interstate commerce. See Pareja v. Priority Care Serv. Inc., No. 10-302, 2011 U.S. Dist. LEXIS 568, at *10–11 (M.D. Fla. Jan. 4, 2011) (finding issue of fact on enterprise coverage where materials used by plaintiff were made by foreign corporations).

Plaintiff also affirms that Defendants' other employees used various electronic equipment, tools, and supplies in the course of their work, and that he believes those materials to have moved in interstate commerce.  DE 27-1 ¶¶ 11–15.  Defendants counter that statements of mere "belief" may not be used to create issues of fact on summary judgment, thus Plaintiff's belief that materials used by his colleagues had foreign origins is inapposite.  DE 30 at 3.  The Court agrees with Defendants only insofar as it finds Plaintiff's beliefs inapposite; the Court need not rely upon Plaintiff's opinions to find that the employees' use of a phone, a computer, a fax machine, cleaning solutions, and various tools in furtherance of their work for Defendants gives rise to a reasonable inference that those employees handled materials that had moved

in interstate commerce.  See Thompson v. Robinson, Inc., No. 06-771, 2007 U.S. Dist. LEXIS 68445, at *12 (M.D. Fla. Sept. 15, 2007) (reasonable to infer that varied items delivered to restaurant had moved in interstate commerce).[1]

Similarly, Plaintiff has created an issue of fact as to whether Defendants had at least two employees.  Plaintiff affirms that Defendants employed several other individuals for the upkeep and operation of the Property during the term of his own employment.  DE 27-1 ¶ 12; see also DE 18-3 at 49:24–53:3.  Defendant Ferro also acknowledged that "one to two" employees worked at the Property at any given time. DE 31-2 at 14:22–15:2.

Defendants nevertheless argue that Defendant Sevilla had no employees, because everyone at the Property technically worked for a separate commercial entity controlled by Defendant Ferro.  DE 31-2 at 35:8–23, 40:13–19.  The labels businesses and individuals apply to their relationships, however, are not dispositive with regard to whether an employer-employee relationship exists under the FLSA.  See Scantland, 721 F.3d at 1311.  An employee may have more than one employer at a time, particularly where the employee performs work which simultaneously benefits multiple employers.  See 29 C.F.R. § 791.2; Kasby v. Upper Deck Bar & Grill, LLC, No. 11-152, 2013 U.S. Dist. LEXIS 163071, at *9–12 (M.D. Fla. Oct. 22, 2013), adopted by 2013 U.S. Dist. LEXIS 163055 (M.D. Fla. Nov. 15, 2013).  Defendant Ferro's contention that another entity under his control technically employed the other workers at the Property therefore does not resolve whether those workers were employed by Defendants for purposes of the FLSA.  In contrast, Plaintiff would have personal

---

[1] The Court finds it similarly unnecessary to address the parties' arguments regarding the propriety of taking judicial notice of the interstate nature of various items.

knowledge of some aspects of those individuals' alleged employment by mere virtue of their time spent together at the Property.  Plaintiff's sworn statement and deposition testimony that Defendants employed a manager, a janitor, and multiple maintenance workers at the Property (DE 27-1 ¶ 12; DE 18-3 at 49:24–53:3) is therefore sufficient to create an issue of fact with regard to whether Defendants had at least two employees.

The Court thus concludes that Plaintiff has created issues of fact with regard to whether Defendants had two or more employees during the relevant timeframe and whether those employees handled materials that had moved in interstate commerce. Defendants' arguments that Plaintiff fails to satisfy these elements of FLSA enterprise coverage as a matter of law are without merit.[2]

## III.  CONCLUSION

In sum, Plaintiff has created issues of fact with regard to whether he was Defendants' employee and whether he can establish FLSA enterprise coverage. Defendants have therefore failed to satisfy their burden of demonstrating that Plaintiff's claims fail as a matter of law.  In accordance with the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment [DE 19] is **DENIED**.

---

[2] Because Plaintiff has created issues of fact with regard to the FLSA's applicability on a theory of enterprise coverage, the Court declines to address whether Plaintiff could also establish individual coverage, as even a determination in Defendants' favor would not justify a grant of summary judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 30th day of December, 2013.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF